## Commonwealth v. Corporal Realty Company et al.

William F. Knauer, Special Deputy Attorney-General, and Thomas J. Baldrige, Attorney-General, for Commonwealth.

Samuel E. Bertolet and Charles W. Matten, for Israel Liever.

Charles W. Matten, for Max Hassel and Thomas Betz.

SCHAEFFER, P. J., June 6, 1928.—

### Findings of fact.

1. That the plaintiff, the Commonwealth of Pennsylvania, filed its bill in equity on Feb. 24, 1928, under the provisions and pursuant to the authority granted by section 7 of the Act of March 27, 1923, P. L. 34, and section 18 of the Act of Feb. 19, 1926, P. L. 16.

2. That service of the said bill in equity was made on Feb. 25, 1928, upon the Reading Brewing Company and the Prudent Products Company by posting three copies of the said bill upon the premises described in the said bill; and upon Israel Liever by handing him three copies on Feb. 27, 1928; and upon Mendel Gassel, alias Max Hassel, on April 2, 1928.

3. That no service of the said bill in equity was made upon Abe Serisky, alias A. J. Kline, William Moeller or Herbert Goslyn.

4. That on March 31, 1928, upon petition, the bill was amended to include as party defendant Thomas Betz.

5. That on Feb. 28, 1928, the appearance of Samuel E. Bertolet was filed for Israel Liever; on March 9, 1928, the appearance of Charles W. Matten was also filed on behalf of Israel Liever; on April 11, 1928, the appearance of Charles W. Matten was filed for Max Hassel; and on April 30, 1928, the appearance of Charles W. Matten, together with acceptance of service of three copies of the bill in equity, was filed on behalf of Thomas Betz.

6. That the said Corporal Realty Company, one of the defendants and the owner of the record title of the property described in the bill in equity, is not registered as a corporation with the Secretary of the Commonwealth or the Auditor General of the Commonwealth of Pennsylvania, and that it is not registered in the office of the Secretary of the Commonwealth or the office of the Prothonotary of Berks County, as provided in the provisions of the Fictitious Names Act of June 28, 1917, P. L. 645, as amended.

7. On May 1, 1928, upon petition, service of the said bill in equity upon the Corporal Realty Company was directed by having the sheriff post copies of the same in a conspicuous place on the premises described in the bill, together with a copy of the order for service, and by serving a copy of the same upon any person found in or upon the premises.

8. That on May 1, 1928, in compliance with the said order of the court, the said sheriff served the said bill in equity upon the Corporal Realty Company by posting three copies thereon on the most conspicuous part of the premises described in the bill in equity.

9. That on Feb. 28, 1928, an answer was filed on behalf of Israel Liever, one of the defendants.

10. That a preliminary hearing was had on March 10, 1928; and that a final hearing was had on May 29, 1928, at which time defendants Liever, Hassel and Betz were represented by counsel.

11. That on June 1, 1928, no answer to the bill having been filed by the Corporal Realty Company, Max Hassel or Thomas Betz, a decree *pro confesso* was entered by the plaintiff.

12. That the said Corporal Realty Company is the owner of the premises upon which the brewery is located, which premises are described as follows: "All that certain brewing plant formerly owned and operated by the Reading Brewing Company, situate on the southeast corner of South Ninth Street and Little Laurel Street, in the City of Reading, more particularly described as follows: Beginning at a point on the building line at the southeast corner of South Ninth and Little Laurel Streets and thence extending south along the east side of South Ninth Street one hundred sixty-seven feet, more or less, to a point a corner of property of George W. Green, thence extending east along the same at right angles to South Ninth Street one hundred fifteen feet, more or less, to a point, the middle of a stone retaining wall, thence extending north along said stone retaining wall sixty-seven feet and six inches to a point in the stone retaining wall, also a corner of George W. Green's stable building; thence extending east along the said stable building by a line making an interior angle of two hundred seventy degrees seventeen minutes, twenty-seven feet to a point; thence extending north by a line making an interior angle of eighty-nine degrees forty-three minutes, ten feet to a point, thence extending east by a line making an interior angle of two hundred seventy degrees seventeen minutes, twenty-six feet eight inches to a point, thence extending north by a line making an interior angle of eighty-nine degrees forty-three minutes, twenty-nine feet one and three-fourths inches to a point on the south face of a concrete retaining wall; thence extending east along the same north thirty-six feet five and three-eighths inches to a corner of said wall, thence extending along the eastern face of said retaining wall fifty-eight feet four and five-eighths inches to the south building line of Little Laurel Street, thence extending west along the same two hundred two feet one and three-eighths inches to the place of beginning."

13. That the defendants, Mendel Gassel, *alias* Max Hassel, and Thomas Betz are the proprietors, operators and reputed owners of the business conducted on the said premises described in the said bill in equity.

14. That the defendants, the Corporal Realty Company, Mendel Gassel, *alias* Max Hassel, and Thomas Betz, on April 7, 1927, and on Feb. 15, 20, 21, 1928, by their servants, agents and employees, were conducting and maintaining the premises and plant described in the said bill as a place where intoxicating liquor was manufactured, sold, offered for sale, bartered, furnished, possessed and transported in violation of the Act of March 27, 1923, P. L. 34, and as a common nuisance, as defined in section 6 of the said act.

15. That the defendants, the Corporal Realty Company, Mendel Gassel, *alias* Max Hassel, and Thomas Betz, on April 7, 1927, and on Feb. 15, 20, 21, 1928, by their servants, agents and employees, were conducting and maintaining the premises and plant described in the said bill in equity as a place

where alcoholic liquid, as defined by section 2 (paragraph *c*) of the Act of Feb. 19, 1926, P. L. 16, was manufactured, produced, distilled, developed or used in the process of manufacture, without permit of the Pennsylvania Alcohol Permit Board, in violation of the said Act of Feb. 19, 1926, P. L. 16.

## Conclusions of law.

1. That the premises situated and described as follows, to wit, "All that certain brewing plant formerly owned and operated by the Reading Brewing Company, situate on the southeast corner of South Ninth Street and Little Laurel Street, in the City of Reading, more particularly described as follows: Beginning at a point on the building line at the southeast corner of South Ninth Little Laurel Streets and thence extending south along the east side of South Ninth Street one hundred sixty-seven feet, more or less, to a point, a corner of property of George W. Green, thence extending east along the same at right angles to South Ninth Street one hundred fifteen feet, more or less, to a point, the middle of a stone retaining wall, thence extending north along said stone retaining wall sixty-seven feet and six inches to a point in the stone retaining wall, also a corner of George W. Green's stable building; thence extending east along the said stable building by a line making an interior angle of two hundred seventy degrees seventeen minutes, twenty-seven feet to a point; thence extending north by a line making an interior angle of eighty-nine degrees forty-three minutes, ten feet to a point, thence extending east by a line making an interior angle of two hundred seventy degrees seventeen minutes, twenty-six feet eight inches to a point, thence extending north by a line making an interior angle of eighty-nine degrees forty-three minutes, twenty-nine feet one and three-fourths inches to a point on the south face of a concrete retaining wall; thence extending east along the same north thirty-six feet five and three-eighths inches to a corner of said wall, thence extending along the eastern face of said retaining wall fifty-eight feet four and five-eighths inches to the south building line of Little Laurel Street, thence extending west along the same two hundred two feet one and three-eighths inches to the place of beginning," owned by the Corporal Realty Company, on which there is erected a brewery, managed, conducted and operated by the defendants, the Corporal Realty Company, Mendel Gassel, *alias* Max Hassel, and Thomas Betz, were and are and are hereby declared to be a common nuisance within the meaning of section 6 of the Act of March 27, 1923, P. L. 34, and section 18 of the Act of Feb. 19, 1926, P. L. 16.

2. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a permanent injunction enjoining and restraining the defendants, the Corporal Realty Company, Mendel Gassel, *alias* Max Hassel, and Thomas Betz, their officers, agents and servants, and all other persons, from manufacturing, selling, offering for sale, bartering, furnishing, possessing upon, or transporting from, the premises described in the third paragraph of the bill in equity, which are the same premises described in the foregoing paragraph, any intoxicating liquor, alcohol or alcoholic liquid contrary to the provisions of the laws of the Commonwealth of Pennsylvania.

3. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a decree ordering the aforesaid nuisance to be abated, and the aforesaid brewery, plant and other buildings upon the lot or piece of ground above described shall not be occupied or used for one year.

4. That the plaintiff, the Commonwealth of Pennsylvania, is entitled to a decree perpetually enjoining and restraining the defendants, the Corporal Realty Company, Mendel Gassel, *alias* Max Hassel, and Thomas Betz, from unlawfully manufacturing, selling, bartering, furnishing, possessing and

transporting intoxicating liquor, alcohol or alcoholic liquid contrary to the provisions of the laws of the Commonwealth of Pennsylvania at any place within the County of Berks.

5. That no property rights exist in the defendants in the property possessed and used by the defendants on said premises in violation of the Act of March 27, 1923, P. L. 34, and its supplement, the Act of Feb. 19, 1926, P. L. 16. The Commonwealth of Pennsylvania is entitled to a decree ordering that the same shall be deemed contraband and forfeited to the Commonwealth of Pennsylvania and forthwith destroyed or removed.

6. That the costs of this proceeding shall be paid by the defendants, the Corporal Realty Company, Max Hassel and Thomas Betz.

And now, to wit, June 6, 1928, the prothonotary is directed to enter a decree *nisi* in accordance with the foregoing decision and forthwith to give notice thereof to the parties or their counsel of record, *sec. reg.*

From Charles K. Derr, Reading, Pa.